**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| MASTER REPLICAS GROUP, INC., | : | |
| | : | Case No.  20-13095 (ELF) |
| | : | |
| Debtor. | : | |

**FIRST INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) SCHEDULING A FURTHER HEARING; AND (IV) GRANTING RELATED RELIEF**

AND NOW, this 19th day of August, 2020, upon consideration of the Debtor's Emergency Motion for Interim and Final Orders (i) Authorizing Use of Cash Collateral; (ii) Granting Adequate Protection; (iii) Scheduling a Further Hearing; and (iv) Granting Related Relief and the request for expedited hearing thereon in accordance with Local Bankruptcy Rule 5070-1(g) (the "Motion"); and having heard the statements of Debtor's counsel and the statements of other parties in interest who appeared; and it appearing that the Court has jurisdiction over this mater pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); and it appearing that the Motion is in the best interests of the Debtor; its estate, and its creditors; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

**ORDERED**, that the Motion is **GRANTED** on an interim basis to the extent provided herein; and it is further

**ORDERED**, that the Debtor is **AUTHORIZED** to use the Cash Collateral on an interim basis in accordance with the First Interim Budget (attached to the Motion as Exhibit "A"), subject, however, to a per line item variance of 10% for the period from August 9, 2020 through the date of the next hearing on the Motion (the "Interim Period") as set forth in this Interim Order; and it is further

**ORDERED**, that, as adequate protection for the use of cash collateral as provided in the Interim Order TD Bank, N.A. ("TD Bank") is hereby granted (x) replacement liens in its prepetition collateral to the same extent, validity and priority of its prepetition liens, for the diminution in value of such creditor's prepetition liens in cash collateral caused by the Debtor's use and expenditure of cash collateral without the necessity of filing any documents or otherwise complying with non-bankruptcy law in order to perfect security interests and record liens, with such perfection being binding upon all parties including, but not limited to, any subsequently appointed trustee either under chapter 11 or any other chapter of the Bankruptcy Code (the "Replacement Liens"), and (y) to the extent the Replacement Liens are insufficient to secure the amount of any post-petition diminution in value of cash collateral, a superpriority administrative expense claim under section 507(b) of the Bankruptcy Code with priority in payment over any and all unsecured claims and administrative expense claims against the Debtor (the "Superpriorty Claim"), and the priority of any such Superpriority Claim granted herein shall have the same priority of the prepetition liens of the holders of any such claims; (ii) the Debtor is authorized and directed to make monthly loan payments to TD Bank in accordance with the budget attached hereto as Exhibit A (the "First Interim Budget");

**ORDERED**, that nothing in this Order shall constitute an adjudication as to the validity, extent, or priority of any prepetition liens and security interests in the Debtor's property; and it is further

**ORDERED**, that a copy of this Order shall be served by the Debtor or its counsel by electronic mail and/or U.S. Mail upon: (i) the Office of the United States Trustee; (ii) TD Bank; (iii) the Subchapter V Trustee (iv) counsel for any Official Committee of Unsecured Creditors, if one has been appointed or, if not, the Debtor's 20 largest unsecured creditors as identified in its bankruptcy petition; (v) the Debtor; and (vi) any person requesting notice pursuant to Fed. R. Bankr. P. 2002, and, that said notice shall be sufficient and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court; and it is further

**ORDERED**, that any objections to the Motion or the Debtor's further use of Cash Collateral, shall be filed with the Court and served upon (i) counsel to the Debtor, Robert M. Greenbaum, Esquire, Smith Kane Holman, LLC, 112 Moores Road, Suite 300, Malvern, PA 19355, *so as to be received on or before* __September 7__, 2020. In the event that no objections are timely filed and served in accordance with this Interim Order, the Court may enter an order granting the Motion, authorizing the Debtor's further use of the Cash Collateral, without further notice; and it is further

**ORDERED**, that a further or final hearing in accordance with Fed. R. Bankr. P. 4001(b)(2) to consider the Debtor's use of the Cash Collateral shall be heard telephonically in Courtroom No. 1 of the United States Bankruptcy Court, 900 Market Street, Philadelphia, Pennsylvania 19107 at **11:00 a.m. (Eastern Time) on September 9, 2020**; and it is further

_____

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**